# In the United States Court of Federal Claims

No. 21-1381C

(Filed:  June 8, 2021)

**(NOT TO BE PUBLISHED)**

|  |  |
|---|---|
| **MARCO ANTONIO GONZALEZ,** | ) ) ) |
| *Plaintiff,* | ) |
| v. | ) ) ) |
| **THE UNITED STATES,** | ) ) |
| *Defendant.* | ) ) |

## OPINION AND ORDER

On May 17, 2021, Plaintiff, Marco Antonio Gonzalez, filed a complaint against Defendant, the United States, in this Court.  ECF No. 1 ("Compl.").  That same day, Mr. Gonzalez filed a motion to proceed *in forma pauperis*, ECF No. 2, which this Court granted on May 26, 2021.  ECF No. 6.

The Court addresses the facts as they are set out in Mr. Gonzalez's complaint.[1] On February 17, 2021, a police officer pulled over Mr. Gonzalez, who was operating a vehicle.  ECF No. 1-1 at 2.  Although the officer presumably had cause to detain Mr. Gonzalez, the latter responded that he "was not operating in a for hire capacity, by engaging in . . . commercial use of public roads or highways."  *Id*.  The officer then cited traffic codes and regulations.  *Id*.  In response, Mr. Gonzalez "explained that [the officer] had misidentified [Gonzalez], and that unless he could provide an injured party, he had no jurisdiction to hold [Gonzalez]."  *Id*.  Mr. Gonzalez alleges the officer then became "rude and argumentative," and consequently requested that the officer call a supervisor.  *Id*.  A supervising officer arrived shortly thereafter and began to speak to the ticketing officer, who already had printed traffic tickets assessing fines against Mr.

---

[1] The facts alleged in Plaintiff's complaint are assumed to be true, and do not constitute factual findings by the Court.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Am. Bankers Ass'n v. United States*, 932 F.3d 1375, 1380 (Fed. Cir. 2019).

Gonzalez.  *Id*.  The supervising officer was "very polite and cordial" to Mr. Gonzalez; Mr. Gonzalez informed the supervising officer "of [his] ownership interest in [his] trade name as well as the charges and fines associated with its misuse," to which the supervising officer responded that "he understood but we would have to deal with it in court."  *Id.*  After Mr. Gonzalez's conversation with the supervising officer, the ticketing officer "returned and began to aggressively [] run down the tickets he was trying to give [Mr. Gonzalez], [so Mr. Gonzalez] began to explain that the misuse of [his] trade name carried hefty fines and penalties."  *Id.*  The ticketing officer "just walked around to the passenger side of [Mr. Gonzalez's] truck and threw the tickets in [the] open window."  *Id*.  As a remedy for this grievance, Mr. Gonzalez demands relief in the amount of $10,805, itemized as three times "the amount attempted to be obtained through fraud [$935 x 3 = $2,805] . . . [a]s well as $8,000 for the illegal use of [his] trade name," presumably based upon its use in the tickets themselves.  *Id.*

Mr. Gonzalez further alleges that a traffic judge in Anchorage, Alaska, "deprived [him] of rights," "trespass[ed] against [him]," misaddressed him, and "userp[ed] [*sic*] against [him]."  Compl. ¶ 1.  Consequently, Mr. Gonzalez alleges that the United States has "failed to educate their judges" and has "allowed their employees to set upon, trespass, and harass" him in contravention of his constitutional protections.  *Id*. at ¶ 3.  In addition to monetary damages, Mr. Gonzalez also requests that this Court order "administrative reprimands" for the traffic judge and the ticketing officer.  *Id*. at ¶ 4.

Generally, "[t]he jurisdiction of the Court of Federal Claims is defined by the Tucker Act, which gives the Court authority to render judgment on certain monetary claims against the United States."  *RadioShack Corp. v. United States*, 566 F.3d 1358, 1360 (Fed. Cir. 2009).  The Tucker Act, 28 U.S.C. § 1491(a)(1), provides this Court with jurisdiction to decide "actions pursuant to contracts with the United States, actions to recover illegal exactions of money by the United States, and actions brought pursuant to money-mandating statutes, regulations, executive orders, or constitutional provisions."  *Roth v. United States*, 378 F.3d 1371, 1384 (Fed. Cir. 2004).  The Tucker Act, however, "does not create a substantive cause of action."  *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc).  Moreover, "[n]ot every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act."  *United States v. Mitchell*, 463 U.S. 206, 216 (1983).

Mr. Gonzalez is proceeding *pro se*.  While this Court generally holds a *pro se* plaintiff's pleadings to "less stringent standards," *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (*per curiam*), this Court "may not similarly take a liberal view of [a] jurisdictional requirement and set a different rule for *pro se* litigants only."  *Kelley v. Sec'y of Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).  In short, "even pro se plaintiffs must persuade the [C]ourt that jurisdictional requirements have been met."  *Hale v. United*

*States*, 143 Fed. Cl. 180, 184 (2019).  A plaintiff bears the burden of establishing subject-matter jurisdiction by a preponderance of the evidence, *Estes Exp. Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014), and in the absence of subject-matter jurisdiction, the Court must dismiss the claim.  *Kissi v. United States*, 493 F. App'x 57, 58 (2012); *Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002).

For the reasons explained below, the Court dismisses, *sua sponte*, Mr. Gonzalez's complaint for lack of subject-matter jurisdiction pursuant to Rule 12(h)(3) of the Court of Federal Claims ("RCFC").  *See Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004) ("Subject-matter jurisdiction may be challenged at any time by the parties or by the court *sua sponte*.").

*First*, pursuant to the Tucker Act, 28 U.S.C. § 1491(a), this Court's jurisdiction is limited to claims against the United States.  *See, e.g.*, *Double Lion Uchet Express Trust v. United States*, 149 Fed. Cl. 415, 420 (2020) ("[I]n the Court of Federal Claims, 'the only proper defendant . . . is the United States, not its officers, nor any other individual.'" (quoting *Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003))).  Accordingly, to the extent that Mr. Gonzalez alleges injury inflicted by local or state officials acting in their official capacities (*e.g.*, as a police officer or a traffic court judge), this Court has no jurisdiction.  *Stephenson*, 58 Fed. Cl. at 190 ("[T]he only proper defendant [in the Court of Federal Claims] . . . is the United States, not its officers, nor any other individual.").  Furthermore, to the extent that Mr. Gonzalez claims damages from private parties, this Court also has no jurisdiction.  *Moore v. Pub. Defenders Office,* 76 Fed. Cl. 617, 620 (2007).

*Second*, even to the extent that Mr. Gonzalez alleges claims against the United States, he does "not assert any claims deriving from money-mandating sources of law not sounding in tort" that would place his claims within this Court's jurisdiction.  *Lawton v. United States*, 621 F. App'x 671, 672 (Fed. Cir. 2015).  Mr. Gonzalez alleges that "[t]he United States has failed to educate their judges in dealing with lawful Persons, State Citizens and State Nationals," and has "failed in the duty to protect the people and property from usurpation, unlawful conversion, personage, depravation [*sic*] of rights under color of law, and have allowed their employees to set upon, trespass and harass me without any of my constitutional protections, guarantees or immunities afforded me."  Compl. ¶ 3.  Mr. Gonzalez also alleges that the United States "allow[ed] [its] employees . . . operating in their official capacity to violate my rights, unla[w]fully use . . . my trade name, operating in breach of the public trust and violations of their fiduciary duties."  *Id.*  But none of Mr. Gonzalez's allegations involve an employee or agent of the United States.

Through his vague allegations that he was treated in contravention of his "constitutional protections, guarantees, or immunities," Mr. Gonzalez appears to argue that his due process or equal protection rights were somehow violated.  Compl. ¶ 3.

The Fifth and Fourteenth Amendments to the United States Constitution, however, generally do not provide a basis for jurisdiction in this Court, even assuming Mr. Gonzalez's complaint involved a federal employee. *See Trevino v. United States*, 557 F. App'x 995, 998 (Fed. Cir. 2014) ("[T]he trial court does not have jurisdiction over Ms. Treviño's . . . claims under the due process, equal protection or supremacy clauses of the United States Constitution. These claims do not fall within the court's jurisdiction as defined by the Tucker Act because none of those statutes or constitutional provisions mandate the payment of money."); *Crocker v. United States*, 125 F.3d 1475, 1476 (Fed. Cir. 1997) (finding that the Court of Federal Claims has no jurisdiction to hear due process claims under the Fifth Amendment to the United States Constitution); *Collins v. United States*, 67 F.3d 284, 288 (Fed. Cir. 1995) ("[T]he due process clause does not obligate the government to pay money damages."); *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (holding that this Court lacks jurisdiction over constitutional claims that do not mandate the payment of money).

*Third*, to the extent that Mr. Gonzalez alleges injury through tort or criminal conduct for harassment during the traffic stop and in traffic court, this Court has no jurisdiction. *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008) ("The plain language of the Tucker Act excludes from the Court of Federal Claims jurisdiction claims sounding in tort." (citing 28 U.S.C. § 149l(a)(l))); *see Sanders v. United States*, 252 F.3d 1329, 1333-34 (Fed. Cir. 2001) (holding that the Court of Federal Claims has no jurisdiction to hear cases of criminal liability). Mr. Gonzalez claims to be "a victim of crimes including but not limited to, coercion, pressganging and inland piracy, misprison of treason[,] denial of my rights[,] guarantees, im[m]unities and exemptions under the constitutions." Compl. ¶ 3. He further alleges that the traffic judge committed various violations of provisions of Title 18 of the United States Code. *Id.*[2] This Court lacks jurisdiction over these tort and criminal claims.[3]

*Fourth*, to the extent that Mr. Gonzalez requests injunctive relief ("administrative reprimands," Compl. ¶ 4) or punitive damages (three times "the amount attempted to be obtained through fraud," ECF No. 1-1 at 2) for his injuries, this Court has no jurisdiction to hear such claims. Compl. ¶¶ 1, 3, 4. *See, e.g.*, Trevino, *557* F. App'x at 998

---

[2] Mr. Gonzalez identifies various statutes that he claims the traffic judge violated, many of which address mail fraud. *See* Compl. at ¶ 1 (citing, *e.g.*, 18 U.S.C. § 1726).

[3] Mr. Gonzalez also makes various references to "misuse[s] of [his] trade name," and signs his name with a copyright symbol. ECF No. 1-1 at 1. To the extent that Mr. Gonzalez actually holds a copyright to his name – which this Court was unable to locate – "actual copyright registration, or the denial of copyright registration, is required prior to bringing suit for copyright infringement." *Jennette v. United States*, 77 Fed. Cl. 126, 131 (2007). Moreover, there is no allegation the United States somehow has infringed any legitimate copyright.

(Fed. Cir. 2014) (holding that "the trial court does not have jurisdiction over . . . claims for injunctive relief and punitive damages"); *Thomas v. United States*, 328 F. App'x 620, 621 (Fed. Cir. 2008) (affirming this Court's decision that it lacks jurisdiction over "requests for punitive damages"); *Rig Masters, Inc. v. United States*, 42 Fed. Cl. 369, 373 (1998) (holding that "punitive damages [are] a remedy not available in this court"). In sum, even construing Mr. Gonzalez's claims in the light most favorable to him, this Court does not have subject-matter jurisdiction to decide his claims.

## CONCLUSION

Accordingly, this Court lacks subject-matter jurisdiction over Mr. Gonzalez's claims and his complaint hereby is **DISMISSED**.

**IT IS SO ORDERED.**

s/ Matthew H. Solomson<br>
Matthew H. Solomson<br>
Judge